IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | No. C 08-4287 CRB |
| Plaintiff, | **ORDER GRANTING DEFAULT JUDGMENT** |
| v. | |
| MARCELINA CORTES a/k/a MARCLINA CORTEZ, individually and d/b/a EL CAMINO REAL BAR, | |
| Defendants. | |

Now before the Court is plaintiff's motion for a default judgment. Having carefully reviewed the papers submitted by plaintiff, the Court concludes pursuant to Local Rule 7-1(b) that oral argument is unnecessary. Plaintiff's motion for default judgment is hereby GRANTED.

**BACKGROUND**

Plaintiff entered into a closed-circuit television/encrypted satellite signal license agreement to distribute the telecast of the Pavlik/Taylor boxing match on February 16, 2008 ("the Event"). A commercial establishment, such as theaters, arenas, bars, clubs, lounges, and restaurants, could receive and broadcast the Event only after entering into a contractual agreement with plaintiff.

Defendant Marcelena Cortes, also known as Marclina Cortez, is the owner of El Camino Real Bar, located in Fremont, California. Plaintiff alleges that defendants

1  unlawfully intercepted and intentionally broadcast the Event to approximately 25 patrons.

2  Plaintiff filed its complaint on September 11, 2008 and defendants were served with
3  the summons and complaint shortly thereafter. Defendants did not answer the complaint and
4  their default was entered on February 4, 2009. Plaintiff subsequently filed a motion for a
5  default judgment and as of the date of this order, defendants have not answered the complaint
6  or responded to the motion for default judgment.

7  Plaintiff's complaint includes two causes of action and alleges violations of the
8  Federal Communications Act of 1934, 47 U.S.C. section 605 and the Cable & Television
9  Consumer Protection and Competition Act of 1992, 47 U.S.C. section 553. Plaintiff requests
10 $10,000 in statutory damages under section 605, see 47 U.S.C. § 605(e)(3)(C)(i)(II), for the
11 February 16, 2008 violation, plus an additional $100,000 in statutory damages on the ground
12 that plaintiff willfully and knowingly intercepted the boxing match for private financial gain
13 or commercial advantage. See 47 U.S.C. § 605(e)(3)(C)(ii).

## I.   PERSONAL AND SUBJECT MATTER JURISDICTION

15 When a court is considering whether to enter a default judgment, it has "an affirmative
16 duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172
17 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be
18 successfully attacked as void, a court should determine whether it has the power, i.e., the
19 jurisdiction, to enter the judgment in the first place."). Here, defendants are residents of
20 California, so the Court may exercise personal jurisdiction. Moreover, the Court has subject
21 matter jurisdiction because plaintiff's claims arise under the Federal Communications Act of
22 1934, 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition
23 Act of 1992, 47 U.S.C. § 553.

## II.   DAMAGES

25 Whether to grant a motion for the entry of a default judgment is within the discretion
26 of the trial court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Generally,
27 upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as
28 true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof

2

Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. See That's Entertainment, Inc. v. J.P.T., Inc., 843 F. Supp. 995, 998 (D. Md. 1993). The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. See 47 U.S.C. § 605(e)(3)(C)(i). The statute allows the court to award between $1,000 and $10,000 for each violation of section 605 as it considers just. See 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute allows the court to increase its award by not more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

The Federal Cable Communications Policy Act, amended by the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, prohibits the unauthorized reception or interception of communications offered over a cable system. Like section 605, section 553 creates a civil cause of action for an aggrieved party, and permits the plaintiff to choose between actual and statutory damages. See 47 U.S.C. § 553(c)(3)(A). The Court may award between $250 and $10,000 as it considers just. See 47 U.S.C. § 553(c)(3)(A)(ii). The statute also gives the Court discretion to increase the damages award by not more than $50,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B).

Plaintiff's broadcast of the February 16, 2008 boxing match is a communication protected by sections 553 and 605. Defendants' alleged receipt and broadcast of those transmissions to their customers without authorization constituted a violation of sections 553 and 605, giving rise to this action.

When a court finds that a defendant has violated both sections 553 and 605, it is unclear whether it should impose cumulative damages under the two sections. The Second Circuit addressed this question in International Cablevision v. Sykes, 997 F.2d 998 (2d Cir.

3

1    1993). In Sykes, the court concluded that where liability exists under both sections 553 and
2    605, the district court should impose damages pursuant to section 605 instead of imposing
3    the lesser damages available under section 553. See Sykes, 997 F.2d at 1009. While other
4    courts have not universally followed the Second Circuit's reasoning, it is the most persuasive
5    due to its extensive review of the legislative history. Other courts in this district have
6    reached the same conclusion. See, e.g., Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215
7    (N.D. Cal. Aug. 17, 1999); Don King Prods. v. Maldonado, 1996 WL 682006 (N.D. Cal.
8    Nov. 15, 1996). Therefore, the Court will not assess damages under section 553.

9        Plaintiff urges the Court to assess statutory damages at $10,000.00 plus a $100,000.00
10   enhancement in order to deter defendants and others like them from intercepting broadcasts
11   in the future. However, "[i]n the absence of unusual or particularly egregious circumstances
12   under which a defendant broadcast the fight," the Court will not award the statutory
13   maximum in damages. Don King Prods. v. Maldonado, 1998 WL 879683 (N.D. Cal. Dec.
14   11, 1998) (citing Joe Hand Promotions v. Burg's Lounge, 955 F. Supp. 42, 44 (E.D. Pa.
15   1997)). Plaintiff has made no showing that the circumstances here were either egregious or
16   unusual.

17       This case is nearly identical to another case decided by this Court. In Joe Hand
18   Promotions, Inc. v. Dailey, 2003 WL 1342998 (N.D. Cal. March 13, 2003), the defendant bar
19   broadcast a boxing match to approximately 50 patrons without entering into the required
20   contractual agreement with the plaintiff. The court granted plaintiff's motion for default
21   judgment and imposed $2,000 in damages for the violation plus a $5,000 enhancement, for a
22   total award of $7,000.

23       Dailey was decided six years ago. The Court concludes here that statutory damages of
24   $2000 plus an enhancement of $6000 is reasonable and will deter future unlawful conduct,
25   especially in the current economy.

26   **III.   FEES AND COSTS**

27       Finally, plaintiff requests costs and attorney's fees. Section 605 provides that the
28   court "shall direct recovery of full costs, including the award of reasonable attorney's fees to

4

an aggrieved party who prevails." 47 U.S.C. 605(e)(3)(B)(iii).  In a declaration filed with the Court, counsel for plaintiff attested that fees and costs for this action total $ 950.75, a reasonable sum.

## CONCLUSION

As defendants have not answered the complaint, and as the recovery sought is readily ascertainable and certain, the motion for default judgment is GRANTED in the total amount of $ 8,950.75.  This amount consists of $8,000 for the violation of 47 U.S.C. § 605,  and $950.75 for attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: March 25, 2009



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2008\4287\ORDER.wpd            5